17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shannon HARTFIELD, Petitioner-Appellant,
v.
R. Michael CODY, Respondents-Appellees.
 No. 93-6134.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Shannon Hartfield, a state prisoner proceeding pro se, appeals from an order summarily dismissing his habeas corpus petition. We affirm.
 
 
 4
 On October 25, 1984, petitioner was convicted in Oklahoma state court of manslaughter in the first degree and sentenced to seventy-five years' imprisonment. The Appellate Public Defender of the State of Oklahoma was appointed to represent petitioner on appeal. A petition in error was filed with the Court of Criminal Appeals of the State of Oklahoma on November 7, 1984. On June 24, 1985, petitioner's appointed counsel filed the first of five requests for extensions of time to file a brief. Petitioner's brief was finally filed on April 22, 1986. The case was submitted on July 24, 1986. On October 22, 1987, the Court of Criminal Appeals affirmed petitioner's conviction.
 
 
 5
 On January 22, 1993, petitioner commenced a habeas action pursuant to 28 U.S.C. 2254, alleging that the delay in deciding his appeal violated his rights to due process, equal protection, and effective assistance of counsel. The petition was referred to a magistrate judge pursuant to 28 U.S.C. 636(b)(1)(B), who concluded that petitioner failed to demonstrate the delay in the appeal process caused him any prejudice and recommended that the petition be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.[2] Following a de novo review, the district court adopted the magistrate judge's report and recommendation in its entirety and dismissed the petition.
 
 
 6
 Unconstitutional delay in obtaining direct state appellate review excuses a petitioner from having to exhaust his state remedies for purposes of federal habeas corpus relief. Harris v. Champion, 938 F.2d 1062, 1068-69 (10th Cir.1991) (Harris I ). No issue of failure to exhaust is presented here as petitioner's state appeal was decided before he filed his habeas petition.
 
 
 7
 State appellate delay also may constitute an independent due process violation. Id. at 1068. We recently revisited the question of what showing need be made to establish a due process violation based on state appellate delay in Harris v. Champion, Nos. 93-5123 & 93-5209, 1994 WL 19625 (10th Cir. Jan. 26, 1994) (Harris II ). We held that we must balance four factors: the length of the delay; the reason for the delay and whether that reason is justified; whether the petitioner asserted his right to a timely appeal; and whether the delay prejudiced the petitioner by causing him to suffer oppressive incarceration or constitutionally cognizable anxiety and concern pending appeal, or by impairing grounds for appeal or defenses in the event of a reversal and retrial. Id. at * 17.
 
 
 8
 Petitioner alleged there was a thirty-six month delay in deciding his direct criminal appeal; that the delay was solely because the state failed to provide a sufficient number of public defenders; that he asserted his right to a speedy appeal; and that he was prejudiced by the delay because he will be unable to regain his lost freedom if his conviction is modified or overturned on direct appeal, and because he may, due to the passage of time, encounter difficulties in presenting a defense if he obtains a new trial.[3] However, "any petitioner whose direct criminal appeal has now been decided and whose conviction has been affirmed is not entitled to habeas relief based solely on delay in adjudicating his or her appeal, unless the petitioner can show actual prejudice to the appeal, itself, arising from the delay." Id. at * 22. Petitioner did not allege that his appeal would have been decided differently but for the delay. He plainly is not entitled to habeas relief based on a due process violation.
 
 
 9
 Petitioner alleged his right to equal protection was violated because appeals handled by private counsel in the Court of Criminal Appeals must be briefed within six months of sentencing, while briefing was not completed in his case for a substantially longer period of time. We recognized in Harris I, 938 F.2d at 1067-68, that a defendant's equal protection rights may be implicated if his appeal had been substantially delayed merely because of indigency. Nevertheless, "if the State has upheld the petitioner's conviction on direct appeal, the petitioner is precluded from obtaining habeas relief based on any equal protection violation resulting from delay in adjudicating the petitioner's appeal." Harris, 1994 WL 19625, at * 25. Because petitioner's conviction has been affirmed on direct appeal, he is precluded from obtaining habeas relief based on an equal protection violation.
 
 
 10
 Finally, petitioner alleged that counsel's delay in filing a brief in his direct criminal appeal constituted ineffective assistance of counsel. To establish an ineffective assistance of counsel claim, petitioner must show that counsel's performance "fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). However, "once counsel files an appellate brief ... counsel's ineffectiveness because of delay ends." Harris, 1994 WL 19625, at * 26. Because counsel had already filed the brief by the time petitioner commenced his habeas action, petitioner is not entitled to relief for ineffective assistance of counsel based on delay in filing the brief. Petitioner's appellate argument that counsel was ineffective for not citing authority in the direct appeal will not be considered because it is raised for the first time on appeal. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir.1993). Petitioner provides no reason for departing from the rule that we do not address issues raised for the first time on appeal.
 
 
 11
 A certificate of probable cause is GRANTED. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [2]
 This Rule provides that a habeas petition shall be presented promptly to a judge and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal."
 
 
 [3]
 Petitioner's use of a fill-in-the-blanks brief no doubt explains why his prejudice argument is presented as if his direct criminal appeal had not yet been decided